**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.* )<br><br>ZOJO SOLUTIONS, INC., )<br>An Illinois Corporation, Relator )<br><br>        Plaintiffs )<br> )<br>        v. )<br> )<br>THE STANLEY WORKS, )<br>a Connecticut Corporation, )<br> )<br>        Defendants. ) | Case No. 10 C 1175<br><br>JURY DEMANDED |

**COMPLAINT FOR FALSE PATENT MARKING**

Relator, ZOJO SOLUTIONS, INC., (hereinafter referred to as "Zojo"), for its Complaint against Defendant THE STANLEY WORKS ("Stanley"), alleges as follows

**NATURE OF THE CASE**

1.    This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.    Stanley violated 35 U.S.C. § 292(a), by marking products with expired patents, with the intent to deceive competitors and the public.

3.    Stanley markets and sells a line of tape measure products, including product lines known as the PowerLock® and FatMax® tape measure products.

4.    The PowerLock® line of Stanley tape measure products is marked with patent numbers 4,153,996 ("the '996 Patent"), 4,434,952 ("the '952 Patent"),  4,930,227 ("the '227 Patent"), and 4,972,601 ("the '601 Patent").  The FatMax® line of Stanley tape measures is marked with a number of patents, including the '952 Patent and the '601 Patent.

5.      The '996 Patent, '952 Patent, '227 Patent, and '601 Patent have all expired, but defendant nevertheless chose to continue using the improper patent markings on the PowerLock® line of tape measures, and possibly other Stanley products, with the intent to deceive the public and to gain a competitive advantage in the market.  Similarly, Stanley has chosen to mark its FatMax® line of tape measure products with the '952 Patent and '601 Patent even though those patents have expired with the intent to deceive the public and to gain a competitive advantage in the marketplace.

6.      Zojo seeks an award of monetary damages against Stanley, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## GENERAL ALLEGATIONS

7.      Zojo is an Illinois corporation with its principal place of business at 1621 N. Vine St., Illinois, 60614.

8.      Stanley is a Connecticut Corporation with its principal place of business located in New Britain, Connecticut.

9.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

11.     Zojo brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## COUNT I: THE '996 PATENT

12.     Zojo re-states and incorporates paragraphs 1-11 as if fully set forth herein.

13.     United States Patent Number 4,153,996 ("the '996 Patent") was filed on December 14, 1977, and issued on May 15, 1979. The '996 Patent expired December 14, 1997. A true and accurate copy of the '996 Patent is attached hereto as Exhibit A.

14.     Defendant marketed for sale to the public the tape measure product line PowerLock® marked with the '996 Patent.

15.     Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the PowerLock® tape measure products with the '996 Patent, and any and all other products marked with the '996 Patent, subsequent to the date the patent expired with the intent to deceive the public.

16.     Defendant cannot genuinely believe that the patent applies even after it expired.

17.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

18.     Defendants' false marking of products with the '996 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES and the public.

19.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, ZOJO demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of ZOJO for the violations alleged in this Complaint;

3

B.      Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.      Grant ZOJO such other and further relief as it may deem just and equitable.

## COUNT II: THE '952 PATENT

20.     Zojo re-states and incorporates paragraphs 1-11 as if fully set forth herein.

21.     United States Patent Number 4,434,952 ("the '952 Patent") was filed on September 7, 1982, and issued on March 6, 1984. The '952 Patent expired on September 7, 2002. A true and accurate copy of the '952 Patent is attached hereto as Exhibit B.

22.     Defendant marketed for sale to the public the tape measure product lines known as the PowerLock® and/or FatMax®, marked with the '952 Patent.

23.     Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the PowerLock® and/or FatMax®, with the '952 Patent, and any and all other products marked with the '952 Patent, subsequent to the date the patent expired with the intent to deceive the public.

24.     Defendant cannot genuinely believe that the patent applies even after it expired.

25.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

26.     Defendant's false marking of products with the '952 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES and the public.

27.     Defendant wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, ZOJO demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of ZOJO for the violations alleged in this Complaint;

B.     Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant ZOJO such other and further relief as it may deem just and equitable.

## COUNT III: THE '227 PATENT

28.     Zojo re-states and  incorporates paragraphs 1-11 as if fully set forth herein.

29.     United States Patent Number 4,930,227 ("the '227 Patent") was filed on February 21, 1989, and issued on June 5, 1990.  The '227 Patent expired February 21, 2009.  A true and accurate copy of the '227 Patent is attached hereto as Exhibit C.

30.     Defendant marketed  for sale to the public the product known as the PowerLock® line of tape measures, marked with the '227 Patent.

31.     Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the PowerLock® line of tape measures with the '227 Patent, and any and all other products marked with the '227 Patent, subsequent to the date the patent expired with the intent to deceive the public.

32.     Defendant cannot genuinely believe that the patent applies even after it expired.

33.    Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

34.    Defendant's false marking of products with the '227 patent after the patent expired has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES and the public.

35.    Defendant wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, ZOJO demands a trial by jury and requests that the Court enter judgment as follows:

A.    Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.    Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.    Grant ZOJO such other and further relief as it may deem just and equitable.

## COUNT IV: THE '601 PATENT

36.    Zojo re-states and  incorporates paragraphs 1-11 as if fully set forth herein.

37.    United States Patent Number 4,972,601 ("the '601 Patent") was filed on October 20, 1989, and issued on November 27, 1990.  The '601 Patent expired on December 26, 2002, for failure to pay the required maintenance fee under 37 C.F.R. 1.362.  A true and accurate copy of the '601 Patent is attached hereto as Exhibit D.

6

38.    Defendant marketed for sale to the public the tape measure product lines known as the PowerLock® and/or FatMax®, marked with the '601 Patent.

39.    Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the PowerLock® and/or FatMax®, with the '601 Patent, and any and all other products marked with the '601 Patent, subsequent to the date the patent expired with the intent to deceive the public.

40.    Defendant cannot genuinely believe that the patent applies even after it expired.

41.    Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

42.    Defendant's false marking of products with the '601 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to ZOJO, the UNITED STATES and the public.

43.    Defendant wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights.

WHEREFORE, ZOJO demands a trial by jury and requests that the Court enter judgment as follows:

A.    Enter judgment against DEFENDANT and in favor of ZOJO for the violations alleged in this Complaint;

B.    Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

    C.      Grant ZOJO such other and further relief as it may deem just and equitable.

Respectfully Submitted,

*ZOJO SOLUTIONS, INC.*

By:  /s Richard J. Prendergast

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL  60602
(312) 641-0881

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066