IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ZOJO SOLUTIONS, INC.,         )
                              )
          Plaintiff,          )
                              )
     v.                       )    No.  10 C 1175
                              )
THE STANLEY WORKS,            )
                              )
          Defendant.          )
```

MEMORANDUM ORDER

Stanley Black & Decker, Inc. ("Stanley")[1] has noticed up for presentment on May 14 a motion to dismiss this action brought against it by Zojo Solutions, Inc. ("Zojo")--an action among the very large number of lawsuits around the country that claim false patent marking in violation of 35 U.S.C. §292(a)("Section 292(a)"). This and all such other actions, which dot the greensward of patent litigation like an infestation of dandelions, have been prompted by the Federal Circuit's decision in Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295 (Fed. Cir. 2009), which has created the prospect of extraordinarily large damage awards in qui tam suits brought to enforce Section 292(a).

Although the defendants in other like actions on this Court's calendar and those of its colleagues have launched different attacks on the complaints in those cases, here Stanley has pointed to two claimed problems with Zojo's lawsuit:

---

[1] According to Stanley's filings in this case, it was formerly known as "The Stanley Works," the appellation employed in the Complaint and hence in the case caption here.

     1.  Fed. R. Civ. P. ("Rule") 12(b)(6) assertedly calls for dismissal because Section 292(a) outlaws the false marking of "any unpatented article," while Stanley contends that its challenged articles are not "unpatented" because they practice a once-existing, but now-expired, patent.

     2.  Even if that assertion fails, Rule 12(b)(1) assertedly calls for dismissal for lack of subject matter jurisdiction because Zojo is said to lack standing to bring the lawsuit.  Stanley says the "Take Care Clause" of U.S. Const. art. II, §3 is violated by Section 292(a) because that statute "vest[s] the authority to enforce a penal law in a private plaintiff with absolutely no oversight or control by the Executive Branch of the U.S. government" (Stanley Mem. 2).

Because this Court is bound to follow the teaching of the Federal Circuit in this action under the patent laws, and because <u>Forest Group</u> effectively answers--and rejects--both of those contentions, this Court need not await Zojo's response to the motion to dismiss.  Instead it will simply quote the relevant portions of the <u>Forest Group</u> opinion.

As for Stanley's Rule 12(b)(6) contention, here is what <u>Forest Group</u>, 590 F.3d at 1302-03 (citations and internal quotation marks omitted) says:

> The marking and false marking statutes exist to give
> the public notice of patent rights. Congress intended

> the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.  Acts of false marking deter innovation and stifle competition in the marketplace.  If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market.  False marks may also deter scientific research when an inventor sees a mark and decides to forego [sic] continued research to avoid possible infringement.  False marking can also cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.  In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

All of those perceived evils are present when a patentee continues to affix the "patent" designation to an article even after it has entered the public domain by reason of the patent's expiration.[2]

And as for Stanley's Rule 12(b)(1) motion, Forest Group has confronted--and here too has rejected--the notion that private plaintiffs such as Zojo were not intended to be granted authority to bring this type of action.  Here is Forest Group, 590 F.3d at 1303-04 (citations to articles omitted):

---

[2] It is also worth noting that in part Section 292(a) refers to a marking that contains "the word 'patent' or any word or number importing that the same is patented" (emphasis added).  That use of the present tense "is" appears to undercut Stanley's argument as to an article that once was protected by a patent but no longer is.

> Congress' interest in preventing false marking was so great that it enacted a statute which sought to encourage third parties to bring qui tam suits to enforce the statute.
>
> Forest argues that interpreting the fine of §292 to apply on a per article basis would encourage "a new cottage industry" of false marking litigation by plaintiffs who have not suffered any direct harm. This, however, is what the clear language of the statute allows. Section 292(b) provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. §292(b). As noted by Forest, an _amicus_ brief was filed in this case by an individual who created a holding company to bring _qui tam_ actions in false marking cases. Commentators have discussed a surge of such actions in recent years, noting the possible rise of "marking trolls" who bring litigation purely for personal gain.
>
> Rather than discourage such activities, the false marking statute explicitly permits _qui tam_ actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

To be sure, that treatment does not extend to the constitutional argument advanced by Stanley, but it must be remembered that if the Federal Circuit had perceived that the statute posed a subject matter jurisdictional problem, it would have been obligated to raise and address that issue sua sponte. In a sense, then, that court's failure to speak of any potential problem of unconstitutionality could be viewed as confirming the validity of the statute. In any event, this Court will leave that task to the Federal Circuit if this action gives rise to an appeal.

Accordingly Stanley's motion is denied, and counsel for the

litigants will not be required to appear at the designated presentment date.  This denial also calls for vacating the schedule previously set by this Court except for the 9 a.m. May 28 status hearing date, which is retained.  In the meantime Stanley is ordered to answer the Complaint on or before May 26, 2010.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  May 12, 2010