IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES ex rel. ZOJO    )
SOLUTIONS, INC.,              )
                              )
            Plaintiff,        )
                              )
    v.                        )    No. 10 C 1175
                              )
STANLEY WORKS,                )
                              )
            Defendant.        )

                          MEMORANDUM ORDER

    Stanley Black & Decker, Inc. ("Stanley"), targeted as the defendant in this flavor-of-the-month lawsuit (one of a host of cases around the country that seek to impose liability on patentees who continue to list patent numbers on their products or marketing materials after the patents have expired), has filed its Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") brought against it by relator Zojo Solutions, Inc. ("Zojo"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

    To begin with, Stanley's counsel appear to believe mistakenly that conclusions of law are verboten in federal pleading (see Answer ¶¶6, 11 and 15). No so--App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) remains an accurate statement of the law, although the more recent Twombly-Iqbal decisions have tightened the standards in some respects not applicable here. Indeed, when Stanley's counsel submit revised versions of the three paragraphs referred

to earlier (all of which are hereby stricken), it is hard to conceive that Answer ¶¶6 and 11 should do anything other than admit the corresponding allegations of the AC.

Next, Answer ¶7 follows a disclaimer that conforms to the formulation in Fed. R. Civ. P. ("Rule") 8(b)(5) with the phrase "and, therefore, denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from that paragraph of the Answer.

Finally, some of the ADs also require retooling. Here they are:

1. ADs 1 and 2 simply set out two of the labels included in the Rule 8(c) laundry list: limitations and laches. But that does not comport with the notice pleading regime that applies to plaintiffs and defendants alike. If Stanley is serious about either or both of its assertions, they must be fleshed out appropriately so that Zojo's counsel and this Court may address them. Unless that fleshing out is filed on or before June 14, 2010 (which is also the deadline for the amendments to Answer ¶¶6, 11 and

15)[1], ADs 1 and 2 will be stricken.

    2. AD 5 states that the United States is an indispensable party to this action. But that is at odds with 35 U.S.C. §292(b), under the auspices of which Zojo has brought this action. AD 5 is therefore stricken.[2]

                                    /s/ Milton I. Shadur
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: May 27, 2010

---

[1] There is no need for Stanley to file a self-contained Amended Answer and ADs. Instead it will be sufficient for it to replead only to the extent needed to cure the flaws identified in this memorandum order.

[2] ADs 3 and 4, which challenge the statute's constitutionality and its conferring of litigation rights on a party such as Zojo, are permitted to stand.